USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/28/17__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

WENSHENG LIN and
SHENG LI CHEN,

Defendants.

---

17 Civ. 3054 (VEC)
(   )

**[PROPOSED] ORDER TO SHOW
CAUSE AND TEMPORARY
RESTRAINING ORDER
FREEZING ASSETS AND
GRANTING OTHER RELIEF**

**ECF CASE**

On April 26, 2017, Plaintiff Securities and Exchange Commission (the "Commission")

filed an emergency application for an *ex parte* order:

(1)     Directing Defendants Wensheng Lin ("Lin") and Sheng Li Chen ("Chen") to show

cause why an order should not be entered, pending a final disposition of this action:

    (a)     Freezing Lin's assets in his brokerage account at Glendale Securities in

which the trading described in the Commission's Complaint occurred

("Lin's Account");

    (b)     Freezing Chen's assets in her brokerage account at Primary Capital LLC in

which the trading described in the Commission's Complaint occurred

("Chen's Account"); and

(2)     Pending adjudication of the relief described in paragraph (1) above, an order:

    (a)     Temporarily freezing Lin's assets in Lin's Account;

    (b)     Temporarily freezing Chen's assets in Chen's Account; and

    (c)     Authorizing expedited discovery and service by alternate means; and

(3)     Setting this matter for a hearing on the foregoing.

The Court has considered: (a) the Complaint in this action, (b) the Commission's *Ex Parte* Emergency Application for an Order to Show Cause, for an Asset Freeze, and Other Relief; (c) the Commission's Memorandum of Law in Support of *Ex Parte* Emergency Application for an Order to Show Cause, For an Asset Freeze and Other Relief, (d) the Declaration of Joseph Darragh in Support of *Ex Parte* Emergency Application for an Order to Show Cause, For an Asset Freeze and Other Relief, with attached exhibits, and (e) the Declaration of Kevin P. McGrath Under Local Civil Procedure Rule 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B).

Based on the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77t(b)] and Federal Rule of Civil Procedure 65(b), has been made for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that Defendants have violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e (a) & (c)] as alleged in the Complaint, and it appears likely that the Commission will prevail on the merits of its claims under these provisions.

2.      It appears from the evidence that Lin has received approximately $1,220,000 in net proceeds from his unlawful sales of IMMG securities in Lin's Account and at least some of these funds remain in Lin's Account, as the cash balance as of April 24, 2017 was $703,218.24 and the only other assets in Lin's Account are IMMG shares.

3.      It appears from the evidence that Chen has received approximately $582,000 in net proceeds from her unlawful sales of IMMG securities into Chen's Account and at least some of these funds remain in Chen's Account, as the cash balance as of April 21, 2017 was $488,502.46 and the only other assets in Chen's Account are IMMG shares.

4.     It appears that an order freezing the assets in Lin's Account and Chen's Account, as specified here, is necessary to preserve the *status quo* and to protect the Commission's ability to collect on any final judgment of this Court ordering Lin and Chen to disgorge illegal profits from their violations, prejudgment interest, and civil penalties.

5.     Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary.  It is therefore appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on financial institutions can be made, thus preventing the dissipation and further removal of assets.

6.     Good and sufficient reasons have been shown why alternative means of service on Defendants by e-mail is warranted.

7.     Good and sufficient reasons have been shown why expedited discovery is warranted.

8.     This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that the Lin and Chen show cause, if there be any, to this Court at 10:30 a.m. on the 10ᵗʰ day of May 2017, in Room 443 of the United States Courthouse, 40 Foley Square, New York, New York 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure directing that, pending a final disposition of this action, the Defendants, and each of the financial and brokerage institutions holding their IMMG securities and the proceeds from their trading in such securities, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or

- 3 -

participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets in the accounts in which the trading described in the Commission's Complaint occurred, held by, or under the direct or indirect control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interests wherever situated, including, but not limited to:

1.      For Defendant Lin, all assets in his brokerage account at Glendale Securities ending in -0755; and

2.      For Defendant Chen, all assets in her brokerage account at Primary Capital LLC ending in -22WHSL.

## II.

**IT IS FURTHER ORDERED** that a copy of this Order, the Complaint, Summons, and the papers supporting the Commission's application shall be served: (i) upon the Defendants, or their attorneys who agree to accept service on their behalf, and (ii) on Glendale Securities and Primary Capital LLC  on or before April 28, 2017, by email (in the case of Defendants, utilizing the email addresses described in the Commission's Declaration of Joseph Darragh) or by personal delivery, facsimile, overnight courier, email, or first-class mail (in the case of the brokerage firms).

## III.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than ___May, 5___, 2017 at 5:00 p.m.  Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission, 200 Vesey Street, Suite 400, New

- 4 -

York, N.Y. 10281, Attn: Kevin P. McGrath, mcgrathk@sec.gov, or such other place as counsel for

the Commission may direct in writing.  The Commission shall have until _Mαу_, _9_, 2017, at

_noon_

~~5:00p.m.~~, to serve, by the most expeditious means available, including email, any reply papers

upon the Defendants or their counsel, if counsel shall have made an appearance in this action.

## IV.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the

Commission's application for an asset freeze , the Defendants, and each of the financial and

brokerage institutions holding their IMMG securities and the proceeds from their trading in such

securities, and any of their officers, agents, servants, employees, attorneys, and those persons in

active concert or participation with them who receive actual notice of this Order by personal

service or otherwise, and each of them, hold and retain within their control and otherwise prevent

any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other

disposal of any assets in the accounts in which the trading described in the Commission's

Complaint occurred, held by, or under the direct or indirect control of the Defendants, whether held

in any of their names or for their direct or indirect beneficial interests, wherever situated, including,

but not limited to:

1. For Defendant Lin, all assets and funds in his brokerage account at Glendale
Securities ending in -0755; and

2. For Defendant Chen, all assets and funds in her brokerage account at Primary
Capital LLC ending in -22WHSL.

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the

Commission's application for an asset freeze, the Commission's application for expedited

discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.      Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on three days' notice of any such deposition. Depositions may be taken telephonically.  As to Defendants, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, the Commission may depose such witnesses after serving a deposition notice by email upon such Defendants, and without serving a subpoena on such witness.  Depositions that have not been signed by the witness may be used for purposes of the hearing on Plaintiff Commission's application;

B.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall answer the Commission's interrogatories within three days of service of such interrogatories upon Defendants;

C.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall produce all documents requested by the Commission within three days of service of such request, with production of the documents made to the New York Regional Office of the Commission, 200 Vesey Street, Suite 400, New York, N.Y. 10281, Attn: Kevin P. McGrath, mcgrathk@sec.gov, or such other place as counsel for the Commission may direct in writing. Requests for production may be served by email upon such Defendants or their counsel;

D.      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall respond to the Commission's requests for admissions within three days of such requests.

E.    All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand, overnight courier, or email to the New York Regional Office of the Commission, 200 Vesey Street, Suite 400, New York, N.Y. 10281, Attn: Kevin P. McGrath, mcgrathk@sec.gov or such other place as counsel for the Commission may direct in writing; and

F.    In connection with any discovery from any non-party, deposition or document discovery may be had within three days of service of a subpoena pursuant to Rule 45.

G.    Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, email, overnight courier, or first-class mail on Defendants or their counsel.

## VI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by email service, personal service, or otherwise.

## VII.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 26 day of April, 2017, at 5:44 pm

_____
UNITED STATES DISTRICT JUDGE