# EXHIBIT 30



INCORPORATED IN NEVADA

Certificate No.
81

Shares
**452606**

# IMMAGE BIOTHERAPEUTICS CORP.

COMMON
200,000,000 SHARES AUTHORIZED
PAR VALUE $0.001 PER SHARE

**WENSHENG LIN**

CUSIP 45250J100
is the record holder

shares of Common Stock of

## IMMAGE BIOTHERAPEUTICS CORP.

This certifies _____

**FOUR MILLION FIVE HUNDRED TWENTY SIX THOUSAND SIXTY SEVEN**

transferable only on the share register of the corporation, in person or by duly authorized

this certificate properly endorsed or assigned.

This certificate and the shares represented hereby are issued and shall be held subject t

of Incorporation and the By-laws of the corporation and any amendments thereto.

WITNESS the signatures of its duly authorized **30th** day of ____ JULY ____ A.D. __2015__

SEC-GLENDALE-E-0012556

For Value Received, _____ hereby sell, assign and transfer

unto _____

_____ Shares

represented by the within Certificate, and do hereby irrevocably

constitute and appoint _____

Attorney to transfer the said Shares on the books of the within

named Corporation with full power of substitution in the premises.

Signed _____   Dated _____

In the presence of _____

**MEDALLION SIGNATURE GUARANTEE REQUIRED**

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____
(social security or taxpayer ID number)

| | |
|---|---|
| If Stock, Complete this portion | _____ shares the common stock of _____<br><br>represented by certificate(s) No(s) _____ inclusive,<br><br>standing in the name of the undersigned on the books of said Company. |

| | |
|---|---|
| If Bonds, Complete this portion | _____bonds of _____<br><br>_____<br><br>in the principal amount of $_____ No(s) _____inclusive,<br><br>standing in the name of the undersigned on the books of said Company.<br><br>The undersigned does (do) hereby irrevocably constitute and appoint<br><br>_____ attorney to transfer<br><br>the said stock or bond(s), as the case may be, on the books of said Company, with<br><br>the full power of substitution in the premises. |

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the

certificate(s) in every particular without alteration.

_____

*Lin Wensheng*   林文生
[person(s) executing this power sign(s) here]

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012558

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____|_____
                                                         (social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____bonds of _____ _____ in the principal amount of $_____ No(s) _____inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
|---|---|

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____ Lin Wen Sheng  林之生 _____
[person(s) executing this power sign(s) here]

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012559

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____|_____
                                            (social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____bonds of _____ _____ in the principal amount of $_____ No(s) _____inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
|---|---|

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____

*Lin Wen Sheng*   林汶生
(person(s) executing this power sign(s) here)

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012560

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____
(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____ bonds of _____ _____ in the principal amount of $_____ No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
|---|---|

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____
*Lin Wensheng* 林文生
(person(s) executing this power sign(s) here)

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012561

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____|_____
(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ |
| --- | --- |
| | represented by certificate(s) No(s) _____ inclusive, |
| | standing in the name of the undersigned on the books of said Company. |

| If Bonds, Complete this portion | _____ bonds of _____ |
| --- | --- |
| | _____ |
| | in the principal amount of $_____  No(s) _____ inclusive, |
| | standing in the name of the undersigned on the books of said Company. |
| | The undersigned does (do) hereby irrevocably constitute and appoint |
| | _____ attorney to transfer |
| | the said stock or bond(s), as the case may be, on the books of said Company, with |
| | the full power of substitution in the premises. |

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_Lin Wen Sheng_ 林之华
[person(s) executing this power sign(s) here]

_____
(Signature Guaranteed)

RF300/stock/stock power

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____
(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
| --- | --- |

| If Bonds, Complete this portion | _____bonds of _____ _____ in the principal amount of $_____ No(s) _____inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
| --- | --- |

IMPORTANT:

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____
Lin Wen Sheng   林文生
[person(s) executing this power sign(s) here]

_____
(Signature Guaranteed)

RF300/stock/stock power

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____|_____
                                              (social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ |
|---|---|
| | represented by certificate(s) No(s) _____ inclusive, |
| | standing in the name of the undersigned on the books of said Company. |

| If Bonds, Complete this portion | _____bonds of _____ |
|---|---|
| | _____ |
| | in the principal amount of $_____ No(s) _____inclusive, |
| | standing in the name of the undersigned on the books of said Company. |
| | The undersigned does (do) hereby irrevocably constitute and appoint |
| | _____ attorney to transfer |
| | the said stock or bond(s), as the case may be, on the books of said Company, with |
| | the full power of substitution in the premises. |

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the

certificate(s) in every particular without alteration.

_____
         Lin wensheng  林文生
         (person(s) executing this power sign(s) here)


_____
         (Signature Guaranteed)


RF300/stock/stock power

SEC-GLENDALE-E-0012564

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____
                                                             (social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ <br><br> represented by certificate(s) No(s) _____ inclusive, <br><br> standing in the name of the undersigned on the books of said Company. |
| --- | --- |

| If Bonds, Complete this portion | _____ bonds of _____ <br><br> _____ <br><br> in the principal amount of $_____ No(s) _____ inclusive, <br><br> standing in the name of the undersigned on the books of said Company. <br><br> The undersigned does (do) hereby irrevocably constitute and appoint <br><br> _____ attorney to transfer <br><br> the said stock or bond(s), as the case may be, on the books of said Company, with <br><br> the full power of substitution in the premises. |
| --- | --- |

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____

_Lin Wen Sheng_ 林文生
[person(s) executing this power sign(s) here]

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012565

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____

(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____ bonds of _____ _____ in the principal amount of $_____ No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
|---|---|

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____

*Lin Wen Sheng* 林文生
[person(s) executing this power sign(s) here]

_____

(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012566

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____ |
(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____bonds of _____ _____ in the principal amount of $_____ No(s) _____inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
|---|---|

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_Lin WenSheng_ 林之生
(person(s) executing this power sign(s) here)

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012567

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____|_____
(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____ bonds of _____ _____ in the principal amount of $_____ No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |
|---|---|

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____
Lin Wen Sheng 林文昇
(person(s) executing this power sign(s) here)

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012568

## IRREVOCABLE STOCK OR BOND POWER

For Value Received, the undersigned does (do) hereby sell, assign, and transfer to

_____

_____

_____
(social security or taxpayer ID number)

| If Stock, Complete this portion | _____ shares the common stock of _____ represented by certificate(s) No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
|---|---|

| If Bonds, Complete this portion | _____ bonds of _____ |
|---|---|
| | in the principal amount of $_____ No(s) _____ inclusive, standing in the name of the undersigned on the books of said Company. |
| | The undersigned does (do) hereby irrevocably constitute and appoint _____ attorney to transfer the said stock or bond(s), as the case may be, on the books of said Company, with the full power of substitution in the premises. |

**IMPORTANT:**

The signature(s) to this power must correspond with the name(s) as written upon the face of the certificate(s) in every particular without alteration.

_____
Lin WenSheng      林文生
[person(s) executing this power sign(s) here]

_____
(Signature Guaranteed)

RF300/stock/stock power

SEC-GLENDALE-E-0012569

Glendale Securities, Inc.
Client Checklist for Deposit Documentation

In order for Glendale Securities, Inc. to accept your shares for deposit we need to obtain information and documentation that tracks the shares back to their original issuance by the company. In addition, we must verify that the shares were issued legally, and that each and every subsequent transfer was properly performed. We must be able to determine that the shares are currently free trading because they are registered or because they qualify for an exemption from registration. Please be as thorough as possible in order to avoid delays in the clearance of the certificate. Certificates received without proper supporting documentation will be returned. In most cases it will take approximately 3-4 weeks in order to clear your certificate. There are circumstances where the clearance process is shorter or longer than 3-4 weeks. Further delays occur when incomplete documentation has been provided.

| Account Number | ▓▓▓▓▓ | Issue Name | Immage Biotherapeutics Corp. | Cert Number | 81 |

Relationship to Issuer (Check all that apply) :
- ☐ Principal
- ☐ Consultant
- ☐ Private Placement Investor
- ☐ Bond Holder
- ☐ Other Debt Holder

- ▓ Other: Shareholder
- ☐ Owner of shares purchased in open market transactions
- ☐ Employee
- ☐ Affiliate
- ☐ Officer
- ☐ Purchased shares from another party

| Non - Affiliate Forms | Affiliate Forms |
|---|---|
| ▓ Deposit Securities Request form attached | ☐ Deposit Securities Request form attached |
| ▓ Stock Power, if the back of the certificate is not endorsed (Medallion not required) attached | ☐ Stock Power, if the back of the certificate is not endorsed (Medallion not required) attached |
| ▓ Certificate attached | ☐ Certificate attached |
| ▓ Client Checklist for Deposit Documentation (this form) | ☐ Sellers Rep attached |
| | ☐ Addendum to Sellers Rep Attached |
| | ☐ Form 144 attached and completed |
| | ☐ Client Checklist for Deposit Documentation (this form) |

Origin of Shares

Was a Promissory Note, Other Obligation or Installment Contract used to purchase the shares from the issuer or an affiliate of the issuer?

| ☐ Yes | ☐ Provide copy of the promissory note |
| ▓ No | Proceed to next question |

How were the shares originally issued from the issuer? Even if you were not the original person that purchased the shares from the issuer we will still need this documentation. Please check one and provide corresponding documentation.

| ☐ Private Placement | ☐ Provide copy of executed PPM |
| | ☐ Provide copy of payment |
| ▓ Registration Statement | ☐ Provide copy of subscription agreement |
| | ☐ Provide copy of payment |
| ☐ Consultant Agreement | ☐ Provide copy of consulting agreement |
| ☐ Debt conversion | ☐ Provide copy of evidence debt exists (i.e. debt agreement) |
| | ☐ Provide copy of notice of conversion |
| | ☐ Provide copy financial transactions (i.e. checks, wires) |

SEC-GLENDALE-E-0012570

Glendale Securities, Inc.
Client Checklist for Deposit Documentation

| | |
|---|---|
| | ☐ Provide evidence that debt exists on financials<br>_____ Number of times the debt has been transferred (as debt) to other parties.<br>_____ Number of times the debt has been converted into shares.<br><br>List the names of ALL of the previous owners of the debt:_____<br>_____ or ☐ N/A |
| ☐ Unknown since I purchased in the open market | ☐ Provide brokerage confirmation or statement |
| ☐ Bankruptcy | ☐ Provide a copy of the bankruptcy reorganization plan authorizing the issuance of free trading shares |
| ☐ Merger/Reorg/ Other/Unknown | ☐ Call client services before proceeding |

| | |
|---|---|
| **Have there been any subsequent transfers after the initial issuance by the issuer?** | |
| ☒ Yes | ☒ Provide copy purchase agreement or other documents evidencing transfer from previous owner*<br><br>☒ Provide copy of payment to previous owner*<br>*If there are multiple transfers provide these documents for each transfer.<br>Describe each transfer: |
| ☐ No | Proceed to Tradability of Shares |
| ☐ Unknown | ☐ Call client services before proceeding |

**Tradability of Shares**

| | | |
|---|---|---|
| **Are the shares registered?** | | |
| ☒ Yes | What type of registration statement? | |
| | ☒ S-1/SB-2   Effective Date: August 1 , 2013 | |
| | ☐ S-3         Effective Date: | |
| | ☐ S-8         Effective Date: | |
| ☐ No | What exemption from registration is being relied upon for the tradability of the shares? | |
| | ☐ Rule 144 | ☐ Provide Rule 144 opinion |
| | ☐ Bankruptcy Reorg | ☐ Provide a copy of the bankruptcy reorganization plan authorizing the issuance of free trading shares |
| | ☐ Other | ☐ Call client services before proceeding |

By signing this form I acknowledge if I subsequently transfer the position being deposited with this form to another broker dealer by any means Glendale Securities, Inc. will charge me a fee of $1000.

| Client Name | Lin Wen Sheng | Date | 07/24/2015 |
|---|---|---|---|
| Signature          X | 張文勝 | | |

SEC-GLENDALE-E-0012571



Electronic Transaction Clearing, Inc.

DEPOSIT SECURITIES REQUEST
FOR BULLETIN BOARD, PINK SHEET AND UNREGISTERED SECURITIES (DSRQ)

Issuer/Company Name and (Ticker Symbol): **Immage Biotherapeutics Corp. (IMMG)**
Number of shares being deposited: **4,526,067**
Indicate Transfer Type:

- ☑ Physical Certificate Deposit     ☐ ACAT
- ☐ DWAC/DRS Transfer from Issuer     ☐ DTC/Free Receive
- ☐ Other Transfer _____

## Shareholder Information

Introducing Broker Name:   Glendale Securities, Inc.

| | |
|---|---|
| Shareholder Name:   Lin Wen Sheng | Account #: ███████ |

Were these shares purchased in the market on OTCBB or Pink Sheets?
   If yes, then attach proof of purchase (e.g. confirm or statement) and sign on page 4. No further information is required.     ☐ Yes ☑ No

Were these shares acquired through an Employee Stock Option Plan (ESOP)?
   If yes, then attach the *company's* SEC Form S-8 and sign on page 4. No further information is required.     ☐ Yes ☑ No

## Security Description

Issuer Address: 1255 W. Rio Salado Parkway Suite 215
               Tempe, AZ 85281       Issuer Phone: (480) 830-2700

Certificate No.:   81       CUSIP:   29429A208

## Shareholder Questionnaire

| # | | |
|---|---|---|
| 1 | What is the purpose for the deposit (e.g. safekeeping, resale)? | resale |
| 2 | How many more shares are intended for deposit? | 0 |
| 3 | How many shares have been issued to, or transferred to, the Shareholder within the last year? | 0 |
| 4 | How many shares does the Shareholder control? | 4,526,067 |
| 5 | How many shares, if any, have been sold by the Shareholder? | 0 |
| 6 | Has the Shareholder or any affiliated accounts deposited shares of this issue with any broker within the last 90 days? If yes, please explain: | ☐ Yes ☑ No |
| 7 | Is the Shareholder a present or past officer, director, affiliate, control person or 5% owner of the Issuer? If yes, please describe each position including the duties and dates the position was held. | ☐ Yes ☑ No Affiliation: |
| 8 | Is any family member of the Shareholder a present or past officer, director, employee, control person, insider or large shareholder (10% or greater)? If yes, please describe each affiliation. | ☐ Yes ☑ No Affiliation: |
| 9 | Has the Shareholder made any payment to any other person in connection with the sale of the security? (e.g. commission) | ☐ Yes ☑ No |

SEC-GLENDALE-E-0012572

| 10 | Has the Shareholder made any arrangements for buy orders in connection with the sale of the security? | ☐ Yes ☑ No |
|---|---|---|
| 11 | Other information regarding security deposit that the Shareholder would like to provide: | N/A |

| **Prior Owner Information** | | |
|---|---|---|
| 12 | Date security was acquired: | 20th March 2015 |
| 13 | Name of the Prior Owner: Setlhabi Kereeditse Irith, Scott David Percival | Pretorius Roelie Yolandi, Pule Lefa Jacob, Qopane Thot |
| 14 | Please describe how these shares were acquired. (e.g. payment for services/compensation, Stock Offering, Note/Debt). | Bought from the above prior owners |
| 15 | Please attach supporting documentation of acquisition, when applicable. Such documentation includes copies of private placement memorandum, offering agreement, certain employee compensation documentation, debt agreement, convertible notes, or employee agreement. | Please list the document(s) attached: Purchase Agreement Wire payment |
| 16 | If Prior Owner and Issuer are not the same, indicate Prior Owner's acquisition date, transferor's name, and amount/manner of payment (if any): | August 1, 2013, wire payment |
| 17 | Was the Prior Owner an officer, director, affiliate, control or 10% holder of the securities at the time, or within 90 days of Owner's receipt of the security? If so, describe the nature of the affiliation. | ☐ Yes ☑ No Affiliation: |

| **Restriction** | | |
|---|---|---|
| 18 | Is the security restricted from resale for any reason? If so, what is the basis for the restriction? When does the restriction end? | ☐ Yes ☑ No |
| 19 | If restricted, are the shares eligible to be sold with prospectus before the end of the restrictive period? | ☐ Yes ☑ No |
| 20 | Have these shares ever been covered by a registration statement filed with the SEC? If yes, please explain, including type and date of registration (e.g. S-1, S-8, Form 20, etc.) | ☑ Yes ☐ No S-1 registration, August 1 , 2013 |
| 21 | Was the security exempt from SEC registration when the Shareholder acquired it? If yes, describe exemption relied upon. If under Rule 144, please list the applicable provision. | ☐ Yes ☑ No |
| 22 | Was the Issuer a shell company when the shares were issued? | ☐ Yes ☑ No |
| 23 | Have these shares been reported as lost or stolen to the transfer agent? (If yes, then please attach a letter from the Shareholder to the transfer agent requesting that the stop be released.) | ☐ Yes ☑ No |

SEC-GLENDALE-E-0012573

TERMS AND CONDITIONS

In consideration of Electronic Transaction Clearing Inc. ("ETC") accepting this Deposited Securities Request, the Shareholder understands and agrees to each of the following:

1. To keep the foregoing Questionnaire information up to date and current with ETC as long as the Security shares are being sold.

2. To indemnify and hold ETC harmless from and against any and all claims, damages, liabilities and expenses which ETC incurs as a result of or in connection with any inaccuracy or omission in the Shareholder's responses to the Questionnaire.

3. To cooperate with any internal or external audit or regulatory inquiry relating to this Deposited Securities Request by providing any information or documentation reasonably requested by ETC to support the Shareholder's statements provided in the Questionnaire and any Security sale executed in accordance with the Securities Laws (as defined below). This obligation to cooperate will remain in effect before and after the completion of the transfer of the assets.

4. The acceptance of any sale of the related securities are expressly subject to the Shareholder's strict adherence to all applicable federal securities laws, including, without limitation, those described below (the "Securities Laws"):

Selling Unregistered Securities: Federal securities law make it unlawful for a person to make use of any means or instrument of interstate commerce or of the mails to sell a security which has not been registered, or to deliver through the mail a security which has not been registered. Accordingly, unless a person can apply an exemption to its sales of securities, all securities sold are required to be registered pursuant to Section 5 of the Securities Act of 1933 (the "1933 Act").

Securities Fraud: Federal securities law make it unlawful for any person to offer or sell securities by the use of any means of interstate communication or transportation, including the mails, in order to employ a scheme to defraud, to obtain money by omitting material information, or to engage in a course of business that would operate as a fraud on the purchaser.

Insider Trading: Federal securities law prohibits insider trading, which generally refers to buying or selling a security, in breach of a fiduciary duty or other relationship of trust and confidence, while in possession of material, nonpublic information about the security. Insider trading violations may also include "tipping" such information, securities trading by the person "tipped", and securities trading by those who misappropriate such information.

Market Manipulation: Market manipulation describes a deliberate attempt to interfere with the free and fair operation of the market and create artificial, false or misleading appearances with respect to the price of, or market for, a security, commodity or currency. Market manipulation is prohibited under federal securities law. Market manipulation can occur in multiple ways, including:

- Pools – Agreements, often written, among a group of traders to delegate authority to a single manager to trade in a specific stock for a specific period of time and then to share in the resulting profits or losses.
- Churning – Placing both buy and sell orders at about the same price. The increase in activity is

SEC-GLENDALE-E-0012574

intended to attract additional investors, and increase the price.
- Runs – Creating activity or rumors in order to drive the price of a security up. This activity is usually referred to as "Painting the Tape."
- Ramping (the market) – Actions designed to artificially raise the market price of listed securities and to give the impression of voluminous trading, in order to make a quick profit.
- W ash sale – Selling and repurchasing the same or substantially the same security for the purpose of generating activity and increasing the price.
- Bear raid – Attempting to push the price of a stock down by heavy selling or short selling.

Anti-Money Laundering:  The Bank Secrecy Act (BSA), and its implementing regulations, is a tool the U.S. government uses to fight drug trafficking, money laundering and other crimes. Congress enacted the BSA to prevent banks and other financial service providers from being used as intermediaries for, or to hide the transfer or deposit of money derived from, criminal activity. Federal law makes money laundering a criminal act. Money laundering is the criminal practice of filtering ill-gotten gains or "dirty" money through a maze or series of transactions, so the funds are "cleaned" to look like proceeds from legal activities.

Shareholder Agreement:

The Shareholder hereby represents that the information provided above is true and correct.  The Shareholder understands that Electronic Transaction Clearing, Inc. will be relying on such information in determining whether to accept orders for the sale of the Shareholder's securities.

As a condition to Electronic Transaction Clearing Inc's acceptance of any sale, the Shareholder hereby agrees to the Terms and Conditions above and in the Customer Agreement.

Lin Wen Sheng

X _____          _____07/24/2015_____
                                                  Date
                                                        8/19/2015

ETC Approval:

The undersigned have carefully reviewed this Deposit Securities Request and the appropriate supporting documents.  Each represents to Electronic Transaction Clearing, Inc. that to his/her best knowledge the information is true and correct and is made in compliance with all applicable federal and state securities laws and regulations.

| Signatures: |  |
| --- | --- |
|  |  |
| [Name, Title] | Date |
| [Name, Title] | Date |

SEC-GLENDALE-E-0012575

Transfer Agent Verification: (For ETC Use Only)

| Transfer Agent: Columbia Stock Transfer Company | Address: 1869 E Seltice Suite 292 |
|---|---|
| Contact Person: Michelle | Telephone: 208-664-3544 |
| Date Verified: 8/19/2015 | By: Justin |
| Is this Issue DTC eligible? | ☒ Yes    ☐ No |
| If not, are you submitting a request to make eligible? | ☐ Yes    ☐ No |

Notes:

no stops or restrictions.

SEC-GLENDALE-E-0012576

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| Account Number | ██████████ | Issue Name | Immage Biotherapeutics Cor | Cert Number | 81 |
|---|---|---|---|---|---|

| **Issuer Profile** | |
|---|---|
| State of Incorporation | NV |
| Current Trading Price | .051 |

**Does the incorporation state provide a way to verify the company's status with the state online?**

☒ Yes, a copy of the status is attached

| ☐ No, we were able to verify status on the telephone | Name/Phone of person who verified at state: |
|---|---|

☐ No, the state does not provide a way to verify the status verbally on the phone and it does not have a way to access online. - *refer to compliance before proceeding*

**Is the issuer in good standing with the state?**

☒ Yes

☐ No - *refer to compliance before proceeding*

| **Issuer Tier on OTCMarkets.com** | |
|---|---|
| ☐ Caveat Emptor | *refer to compliance before proceeding* |
| ☐ Grey Market | *refer to compliance before proceeding* |
| ☐ No Information | *refer to compliance before proceeding* |
| ☐ Limited Information | Is the shareholder or any party that has transferred to the shareholder an affiliate? |
| | ☐ Yes - *refer to compliance before proceeding* |
| | ☐ No, a copy evidencing market tier is attached |
| ☐ OTCPink | ☐ Copy evidencing market tier is attached |
| ☒ OTCQB | ☒ Copy evidencing market tier is attached |
| ☐ OTCQX | ☐ Copy evidencing market tier is attached |

**Is the transfer agent listed on Edgar with a valid TA-1, and current year TA-2? (filed by March of Year)**

| ☒ Yes | ☒ Copy of the Edgar page status is attached |
|---|---|
| ☐ No | *refer to compliance before proceeding* |

**Have these shares been reported as lost or stolen to the transfer agent?**

| ☐ Yes | ☐ Letter from the Shareholder to the transfer agent requesting that the stop be released enclosed. |
|---|---|
| | ☐ Letter from the transfer agent confirming shares are released enclosed |
| ☒ No | Proceed to next question |

**Has the company been the subject of any stock splits or reorganizations in the last 3 years?**

| ☒ Yes | ☒ Evidence that the public has been informed of the issuance of the shares and current outstanding shares is attached (SEC Filings on 8-K, 10-K, 10-Q for filers, OTCMarkets.com reports for Non-Filers) |
|---|---|
| ☐ No | Proceed to next question |

Page 1 of 9

SEC-GLENDALE-E-0012577

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| **Affiliate Analysis** |
| --- |
| Is the shareholder an affiliate selling pursuant to Rule 144? |

| ☐ Yes | ☐ Copy of brokers rep attached |
| --- | --- |
| | ☐ Copy of sellers rep attached |
| | ☐ Copy of additional sellers rep attached |
| | ☐ Copy of Form 144 attached |
| | Outstanding shares = _____ |
| | 1% of outstanding = _____ |
| | Amount client is trying to deposit = _____ |
| | Is client depositing more than 1% of the outstanding shares? |
| | ☐ Yes - *refer to compliance before proceeding* |
| | ☐ No – proceed to next question |
| ▣ No | Proceed to next question |

| **Basic Docs** |
| --- |
| ▣ Signed original stock power attached |
| ▣ Certificate attached |
| ▣ DSRQ Attached |
| Is the account for a corporation? |
|     ☐ Yes - Corporate Resolution less than 6 months old attached |
|     ▣ No – proceed to next question |

| **Origin of Shares** |
| --- |
| Was a Promissory Note, Other Obligation or Installment Contract used to purchase the shares from the issuer or an affiliate of the issuer? |

| ☐ Yes | ☐ Copy of the promissory note attached | |
| --- | --- | --- |
| | ☐ Date of Note:_____ | |
| | ☐ Client is tacking the issuance date for Rule 144 eligibility to the date signed in the promissory note pursuant to Rule 144(d)(2) | Does the promissory note meet each the following conditions outlined in Rule 144(d)(2)? ☐ Yes  ☐ No |
| | | ☐ Provides for full recourse against the purchaser of the securities; |
| | | ☐ Is secured by collateral, other than the securities purchased, having a fair market value at least equal to the purchase price of the securities purchased; and |
| | | ☐ Shall have been discharged by payment in full prior to the sale of the securities. |
| | | *If no, – refer to compliance before proceeding* |

Page 2 of 9

SEC-GLENDALE-E-0012578

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| | |
|---|---|
| | ☐ Client is using the date that the full purchase price was actually paid to the issuer/affiliate as the acquisition date for Rule 144 eligibility, not the date the promissory note was executed.  Therefore 144(1)(iii) is applicable as the holding period. |
| ▨ No | Proceed to next question |
| | |
| How were the shares originally issued by the issuer? ( Current shareholder may not be original purchaser) | |
| ☐ Private Placement | ☐ Copy of executed PPM attached |
| | ☐ Copy of payment attached |
| | ☐ Evidence that the public has been informed of the issuance of the shares is attached (SEC Filings on 8-K, 10-K, 10-Q for filers, OTCMarkets.com reports for Non-Filers) |
| ▨ Registration Statement | ▨ Copy of subscription agreement attached |
| | ▨ Copy of payment attached |
| ☐ Consultant Agreement | ☐ Copy of consulting agreement attached |
| | ☐ Evidence that the public has been informed of the issuance of the shares is attached (SEC Filings on 8-K, 10-K, 10-Q for filers, OTCMarkets.com reports for Non-Filers) |
| ☐ Debt conversion | ☐ Copy of evidence debt exists (i.e. debt agreement) attached |
| | ☐ Copy of notice of conversion attached |
| | ☐ Copy financial transactions (i.e. checks, wires) attached |
| | ☐ Evidence that debt exists on financials attached |
| | ☐ Evidence that the public has been informed of the issuance of the shares is attached (SEC Filings on 8-K, 10-K, 10-Q for filers, OTCMarkets.com reports for Non-Filers) |
| | _____ Number of times the debt has been transferred (as debt) to other parties. |
| | _____ Number of times the debt has been converted into shares. |
| | ☐ A list of all of the parties who have ever owned the debt is included in the section "Names of parties that need to have background checked" |
| ☐ Open market purchase | ☐ Brokerage confirmation or statement attached |
| ☐ Bankruptcy | ☐ Copy of the bankruptcy reorganization plan authorizing the issuance of free trading shares attached |
| ☐ Merger/Reorg | ☐ Copy of SEC filings or Non Filing issuer resolution attached |
| | Date of Reorg:_____ |
| | Describe legal basis for issuance: |
| ☐ Other | Describe legal basis for issuance: |

SEC-GLENDALE-E-0012579

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| Have there been any subsequent transfers after the initial issuance from the issuer? | |
|---|---|
| ☒ Yes | ☒ Copy purchase agreement or other agreement from previous owner*<br>☒ Copy of payment to previous owner*<br><br>*If there are multiple transfers provide these documents for each transfer and describe sequence of events here:<br>Wensheng Lin purchased registered shares from 5 previous shareholders. See agreement. |
| ☐ No | Proceed to Tradability of Shares |

**Tradability of Shares**

| Are the shares registered? | | | |
|---|---|---|---|
| ☒ Yes | What type of registration statement? | | |
| | ☒ S-1/S-3/ SB-2 | | |
| | | Effective Date | 7/31/2013 |
| | | ☐ Resale | ☐ Copy of registration statement page with name referenced on print out attached |
| | | ☒ IPO/Secondary Direct | ☒ Copy of registration statement 1st page attached<br>☒ Copy of evidence that independently verifies that shares were sold pursuant to registration statement (at least 1):<br>    ☒ TA Email or letter<br>    ☐ Letter from issuer<br>    ☐ Attorney Opinion<br>    ☐ Company Issuance Resolution |
| | ☐ S-8 | | |
| | | Effective Date | |
| | | Is the party the shares were issued to a natural person?   A natural person cannot be a DBA, LLC, Corp or any type of entity - it must be an individual. | |
| | | ☐ Yes | ☐ Copy of employment agreement attached<br>☐ Copy of registration statement 1st page attached<br>☐ Copy of evidence that independently verifies that shares were sold pursuant to registration statement (at least one):<br>    ☐ TA Email or letter<br>    ☐ Letter from issuer |

SEC-GLENDALE-E-0012580

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| | | ☐ Attorney Opinion |
| | | ☐ Company Issuance Resolution |
| | ☐ No | *If no, – refer to compliance before proceeding* |

| ☐ No | What exemption from registration is being relied upon for the tradability of the shares? | |
| | ☐ Rule 144 | ☐ Rule 144 opinion attached |
| | | ☐ Copy of OTCMarkets.com prohibited attorneys list evidencing attorney is not on the list attached |
| | | ☐ Verified with Transfer Agent that independent attorney opinions are accepted |
| | | ☐ Verified with Transfer Agent that ONLY company attorney opinions are accepted |
| | | Name of Authorized Attorney: |
| | | Is the company an SEC Filer? |
| | | ☐ Yes, Copies of the last 4 quarters SEC filings shell checkbox page evidencing the issuer has not been a shell for over 1 year are attached |
| | | ☐ No, copies of the following evidence that the issuer is not a shell are attached (both required): |
| | | ☐ Financials filed with OTCMarkets.com |
| | | ☐ Attorney Opinion that addresses why the issuer is not a shell |

| | ☐ Bankruptcy Reorg | ☐ Copy of the bankruptcy reorganization plan authorizing the issuance of free trading shares attached |
| | ☐ Other Describe exemption and documentation used to independently verify exemption exists: | |

**Deposit Analysis**

▨ Deposit Analysis is attached

Does the shareholder own more than 5% of outstanding shares?

| ☐ Yes | Is the Issuer a 1934 Act Mandatory Filer? | |
| | ☐ Yes – Copy of form 3/form 4 showing shareholders current holdings attached | Are the shares reported the same as the shareholder stated on the DSRQ? ☐ Yes ☐ No - *refer to compliance before proceeding* |
| | ☐ No | Proceed to next question |
| ▨ No | Proceed to next question | |

Is the total percentage of outstanding shares held at Glendale Securities Inc below 20%?

SEC-GLENDALE-E-0012581

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| ☒ Yes | Proceed to next question |
|---|---|
| ☐ No | *refer to compliance before proceeding* |
| Is the total percentage of outstanding shares held at Glendale Securities Inc below 10%? | |
| ☒ Yes | Deposit Analysis Complete |
| ☐ No | Compliance Analysis of Current Deposit Concentration: |

| Person Completing Form | Justin Ulibarri | | Date | 8/19/2015 |
|---|---|---|---|---|
| Signature | | | | |

| Names of parties that need to have background checked | | |
|---|---|---|
| Company Name | Immage Biotherapeutics Corp. | |
| Current Shareholder | Wensheng Lin | |
| Original Shareholder | Pretorius Roelien Yolandi | ☐ N/A Same as Current |
| Current Officer 1 | Elton Norman | |
| Current Officer 2 | Mou Zhi Cong | ☐ N/A |
| Current Officer 3 | | ☒ N/A |
| Current Officer 4 | | ☒ N/A |
| Current Officer 5 | | ☒ N/A |
| Transfer Party 1 | Pule Lefa Jacob | ☐ N/A |
| Transfer Party 2 | Qoane Thota Jankie | ☐ N/A |
| Transfer Party 3 | Scott David Percival | ☐ N/A |
| Transfer Party 4 | Setlhabi Kereeditse Irith | ☐ N/A |
| Transfer Party 5 | | ☒ N/A |
| Debt Owner 1 | | ☒ N/A |
| Debt Owner 2 | | ☒ N/A |
| Additional Parties: | | ☒ N/A |
| ☒ OFAC on the above parties attached | | |
| | | |
| Google Search | | |
| ☐ No derogatory information found | | |
| ☐ Possible issues found: | | |
| | | |
| ☐ Definite issues found: | | |

SEC-GLENDALE-E-0012582

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

| SEC Search | |
|---|---|
| ☒ Nothing found | |
| ☐ SEC Cases found: | |

Other Searches:

| Through your searches, have you been able to find out if the company has been the subject of civil litigation involving allegations of fraud? | |
|---|---|
| ☐ Yes | *refer to chief compliance officer before proceeding* |
| ☒ No | |

| Through your searches, have you found evidence that a pump and dump is currently occurring? | |
|---|---|
| ☐ Yes | *refer to chief compliance officer before proceeding* |
| ☒ No | |

| Through your searches and review of new account documentation, have you found any evidence that the shareholder depositing or any of the previous owners were affiliates in the past 90 days? | |
|---|---|
| ☐ Yes | ☐ Shareholder disclosed affiliate status and deposit is being treated as an affiliate sale |
| | ☐ Shareholder did not disclosed affiliate status - *refer to chief compliance officer before proceeding* |
| ☒ No | |

| Person Completing Background Check | ERIC FLESCHE | Date | 8/20/2015 |
|---|---|---|---|
| Title | CCO | | |
| Signature | *Paul E [signature]* | | |

| **Broker Review** | |
|---|---|
| Based upon the information provided in the enclosed checklist, information that you have on your customer, and related attachments for this deposit, do you believe to the of your best knowledge that the information is true and correct and is made in compliance with all applicable federal and state securities laws and regulations? | |
| ☒ Yes    ☐ No | |
| Would you recommend that Glendale Securities Inc accept or reject this deposit? | |
| ☒ Accept    ☐ Reject | |
| Reject Reason: | |

| Broker Name | Huanwei Huang | Date | 8/19/2015 |
|---|---|---|---|
| Signature | [signature] | | |

Page 7 of 9

SEC-GLENDALE-E-0012583

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

**Compliance Review**

Is a debt conversion involved in this transaction?

☐ Yes – **"Additional Compliance Review of Debt Conversions" is completed**

☒ No

Would you recommend that Glendale Securities Inc accept or reject this deposit?

☒ Accept          ☐ Reject

Reject Reason:

| Compliance Name | ERIC FLESCHE | Date | 8/20/2015 |
|---|---|---|---|
| Title | CCO | | |
| Signature | *Paul E. J...* (signature) | | |

Additional Compliance Review Notes:

**Additional Compliance Review of Debt Conversions    ☒ N/A**

What is the appropriate holding period for Rule 144 eligibility?

☐ 6 months while company is current in reporting

☐ 1 year

What independent evidence is there that shows the debt existed for at least the holding period required above?

Page 8 of 9

SEC-GLENDALE-E-0012584

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

**Compliance Review**

Is a debt conversion involved in this transaction?
☐ Yes – **"Additional Compliance Review of Debt Conversions" is completed**
☐ No

Would you recommend that Glendale Securities Inc accept or reject this deposit?
☐ Accept          ☐ Reject

Reject Reason:

| Compliance Name | | Date | |
|---|---|---|---|
| Title | | | |
| Signature | | | |

Additional Compliance Review Notes:

**Additional Compliance Review of Debt Conversions      ☐ N/A**

What is the appropriate holding period for Rule 144 eligibility?
☐ 6 months while company is current in reporting
☐ 1 year

What independent evidence is there that shows the debt existed for at least the holding period required above?

SEC-GLENDALE-E-0012585

Glendale Securities Inc
Broker Checklist for Deposit Due Diligence

☐ SEC filing:      ☐ 8-K      ☐ 10-K      ☐ S-1      ☐ 10-Q      Filing Date: _____

☐ OTCMarkets.com report name:_____      Filing Date: _____

☐ Other: _____

Report showing how the public was notified that the debt was converted into shares:

☐ SEC filing:      ☐ 8-K      ☐ 10-K      ☐ S-1      ☐ 10-Q      Filing Date: _____

☐ OTCMarkets.com report name:_____      Filing Date: _____

☐ Other: _____

Shares outstanding analysis:

Shares outstanding per transfer agent: _____

Shares outstanding per SEC Filings: _____ or ☐ Non-filer

Shares outstanding per OTCMarkets.com: _____

Does it appear that the public has been notified of the current outstanding shares?
☐ Yes      ☐ No

Would you recommend that Glendale Securities Inc accept or reject this deposit?
☐ Accept            ☐ Reject

Reject Reason:

| Compliance Name | | Date | |
|---|---|---|---|
| Title | | | |
| Signature | | | |

SEC-GLENDALE-E-0012586

## Representation Letter for Registered Shareholders

Date: __August 20, 2015__                                     Percent Owned: _4.4_ %

Glendale Securities, Inc. 15233
Ventura Blvd. Suite 712
Sherman Oaks, CA 91403

Re: Seller's Representations re Sale of Shares

Dear Sir or Madam:

In connection with order to you today to sell or transfer __4526067__ shares of common
stock (the "Stock") of __IMMG__ (the "company") through Glendale Securities, Inc.

1. Neither the undersigned, nor any person or entity listed below, presently is, or in the prior three
months has been an "Affiliate" of the company as that term is used in paragraph (a) of Rule 144 (i.e.
A person or entity that directly, or indirectly through one or more intermediaries, controls or is
controlled by, or is under control with the company):

   a. Any relative of mine who shares the same home with me;

   b. Any trust or estate in which I or any person specified in (a) collectively own 10% or more of
   the beneficial interest or of which I or any such person services as Trustee, executor or in any
   similar capacity;

   c. Any corporation or organization of which I or any person that I specified in paragraph "(a)"
   is (or are) the beneficial owners collectively of 10% or more of any class of equity securities or
   10% or more of the equity interest.

2. The shares were registered with the SEC pursuant to a registration statement on Form S-1 (the
"Registration Statement) declared effective by the SEC on __Aug 1, 2013__.

3. Seller agrees that, at any time or times that seller proposes to offer for sale or sell any of the
Shares, Seller will make reasonable inquiry to assure Seller is not, and has not been during the
ninety(90) days preceding such offer or sale, an affiliate of the Company. If, in the future and prior to

SEC-GLENDALE-E-0012587

the sale of all the shares, Seller determines that Seller is an affiliate of the company, then Seller will immediately notify the Company, ETC Clearing Corp and Glendale Securities, Inc.

4. Seller has not offered or sold any of the Shares except in accordance with all applicable Federal and State securities laws, and if and when Seller offers for sale or sells any of the shares in the future, Seller will do so in accordance with all applicable Federal and State securities laws.

5. Seller is not, has not been, and will not be acting in concert with any other person in connection with selling the Shares, and with respect to the Shares, is not an "Underwriter" as that term is defined in Section 2(a)(11) of the Act.

6. Seller is not aware of any material, non-public information about the company.

7. I am aware that if I become an Affiliate, I may be subject to the volume limitations of Rule 144 even if my shares are registered.


Very truly yours,



Lin Wen Sheng
Seller – Account Name

Signatory



Title

IMMAGE BIOTHERAPEUTICS CORP. (Form: 8-K, Received: 06/18/2015 15:05:38)
http://www.otcmarkets.com/edgar/GetFilingHtml?FilingID=10767607
7/24/2015 10:16 AM

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 8-K

## CURRENT REPORT
Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

June 10, 2015
Date of Report (Date of earliest event reported)

# IMMAGE BIOTHERAPEUTICS CORP.
(Exact name of registrant as specified in its charter)

| Nevada | 333-183797 | (IRS Employer Identification No.) |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | |

1255 W. Río Salado Parkway
Suite 215
Tempe, AZ                                                          85281
(Address of principal executive offices)                    (Zip Code)

(480) 830-2700
Registrant's telephone number, including area code

EPICURE CHARCOAL INC.
(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐  Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
☐  Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
☐  Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))
☐  Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

SEC-GLENDALE-E-0012589

IMMAGE BIOTHERAPEUTICS CORP. (Form: 8-K, Received: 06/18/2015 15:05:38)                                                                http://www.otcmarkets.com/edgar/GetFilingHtml?FilingID=10767607

## ITEM 5.01 CHANGES IN CONTROL OF REGISTRANT

On May 21, 2015, Epicure Charcoal Inc., a Nevada corporation (the "Company") filed Articles of Merger with the Nevada SOS whereby it entered into a statutory merger with its wholly-owned subsidiary, Immage Biotherapeutics Corp. pursuant to Nevada Revised Statutes 92A.200 et. seq. The effect of such merger is that the Company was the surviving entity and changed its name to "Immage Biotherapeutics Corp."

On May 21, 2015, the Company filed an Issuer Company-Related Action Notification Form with FINRA requesting that the aforementioned name change be effected in the market. The Company also requested that its ticker symbol be changed to "IMMG".

On June 10, 2015, FINRA effected the Company's name change and ticker symbol change in the market.

2

### SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

**IMMAGE BIOTHERAPEUTICS CORP.**

Date: June 18, 2015

By:      /s/ Zhi Cong Mou
Name:   Zhi Cong Mou
Title:    President

3

SEC-GLENDALE-E-0012590

## STOCK PUCHASE AGREEMENT

**THIS STOCK PUCHASE AGREEMENT** (this "Agreement") is made as of the 31st day of March, 2015 by and between **Wensheng Lin**, an individual residing in the Province of Guangdong, China ("Purchaser) and **Pretorius Roelien Yolandi, Pule Lefa Jacob, Qoane Thota Jankie, Scott David Percival and Setlhabi Kereeditse Irith,** each an individual residing in South Africa (collectively, the "Sellers).

## RECITALS

**WHEREAS,** the Sellers collectively own and wish to sell 4,526,067 free-trading shares of common stock ("Shares") of EPICURE CHARCOAL, INC, a Nevada corporation (the "Company") ; and

**WHEREAS,** the Sellers propose to sell the Shares to the Purchaser on the terms set forth herein and Purchaser wishes to purchase the Shares from the Seller on the terms set forth herein.

IN CONSIDERATION of the promises, representations, warranties and covenants contained herein and other good valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## 1.   PURCHASE AND SALE AND CLOSING

**1.1** **Sale.** (a) Subject to the terms and conditions of this Agreement, the Sellers agree to sell the Shares to the Purchaser, and the Purchaser agrees to Purchase the Shares for **Sixteen Thousand Nine hundred Twelve Dollars and Seventy-Four Cents** ($16,912.74)      (the "Purchase Price").

(b) The Purchase Price shall be placed into escrow with Booth Udall Fuller, PLC, who is serving as Escrow Agent. The account wire transfer instructions for the Purchase Price as follows:

Wiring Instructions:

JP Morgan Chase, N.A.
1 Chase Manhattan Plaza
New York, NY 10005

Federal Wire ABA/Routing 021000021
ACH Routing number: 122100024
Swift: CHASUS33
Account number: ████████████
Account Name: Booth Udall Fuller PLC

1

SEC-GLENDALE-E-0012591

1.2        Conditions to Closing. It is agreed that all of the funds consisting of the Purchase Price shall remain in the Escrow Account until (a) all of the conditions of the Escrow Agreement have been met; and (b) the Sellers have delivered to the Escrow Agent all share certificates representing the Shares, each with a duly executed power of attorney and medallion signature guarantee or other form of signature guarantee that shall be acceptable to the Company's transfer agent to effect the transfer of the Shares.

1.3        Closing: Release of Purchase Price and the Securities. (a) Upon full performance And satisfaction of all of the conditions set forth in Section 1.2 above in the Escrow Agent, the sale of the Shares shall take place at the offices of the Escrow Agent (the "Closing").

        (b) At the Closing, the Escrow Agent shall release the Shares to the Purchaser and/or its assigns and release the Purchase Price to the Sellers.

## 2.    REPRESENTATIONS AND WARRANTIES OF THE SELLER

2.1        The Sellers warrant, covenant, and represent to the Purchaser with the intention of inducing the Purchaser to enter into this Agreement that:

        (a)    Immediately prior to and at the Closing, each Seller has legal right and authority to sell the Shares to the Purchaser and on the Closing Date and each Seller shall transfer the Shares to the Purchaser free and clear of all liens, restrictions, covenants or adverse claims of any kind of character.

        (b)    Each Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to executed and delivered by each Seller hereunder and to consummate the transactions contemplated hereby and the Escrow Agreement has been validly executed by each Seller or someone authorized to sign on their behalf.

        (c)    None of the Seller, during the past ninety (90) days, has been a ten percent (10%) or greater shareholder or an "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act 1933, as amended (the "Securities Act").

        (d)    To the best of the knowledge, information and belief of each Seller there are no circumstances that may result in any material adverse effect to the Company or the value of the Shares that are now in existence or may hereafter arise.

        (e)    Each Seller acquired the shares from the Corporation pursuant to an effective Form S1 registration statement.

        (f) The Seller agrees to execute and deliver such other documents and to perform such other acts as shall be necessary to effectuate the purposes of this Agreement.

2

SEC-GLENDALE-E-0012592

3.     **REPRESENTATIONS AND WARRANTIES OF THE PURCHASER**

3.1          The Purchaser represents and warrants to the Sellers that the Purchaser:

(a)     Has the legal power and authority to execute and deliver this Agreement and to consummate the transactions hereby contemplated; and

(b)     Has the necessary financial and business experience to make an informed decision to purchase the shares, including access to all the company's information and business operations.

(c) Is acquiring the Shares as principal for the Purchaser's own account, for investment purposes only, and no other person has a direct or indirect beneficial interest in the Purchased Shares.

4.     **MISCELLANEOUS**

4.1          The parties hereto acknowledge that they have obtained independent legal advice with respect to this Agreement and acknowledge that they have fully understand the provisions of this Agreement.

4.2          Unless otherwise provided, all dollar amounts referred to in this Agreement are in United States Dollars.

4.3          There are no representations, warranties, collateral agreements, or conditions concerning the subject matter of this Agreement except as herein specified.

4.4          This Agreement will be governed by and construed in accordance with the laws of the State of Nevada. The parties hereby attorney to the jurisdiction of the courts located in Clark County, Nevada with respect to any legal proceedings arising from this Agreement.

4.5          The representations and warranties of the parties contained in this Agreement shall survive the closing of the purchase and sale of the Purchased Shares and shall continue in full force and effect for a period of one year.

4.6          This Agreement may be executed in several counter parts, each of which will be deemed to be an original and all of which together constitute one and the same instrument.

4.7          Delivery of an executed copy of this Agreement by electronic, facsimile transmission or other means of electronic communication capable of producing a printed copy will be deemed to be execution and delivery of the Agreement as of the date set on page one of this Agreement.

SEC-GLENDALE-E-0012593