# EXHIBIT A

## STOCK PUCHASE AGREEMENT

THIS STOCK PUCHASE AGREEMENT (this "Agreement") is made as of the 31st day of March, 2015 by and between **Wensheng Lin**, an individual residing in the Province of Guangdong, China ("Purchaser) and **Pretorius Roelien Yolandi, Pule Lefa Jacob, Qoane Thota Jankie, Scott David Percival and Setlhabi Kereeditse Irith**, each an individual residing in South Africa (collectively, the "Sellers).

## RECITALS

**WHEREAS**, the Sellers collectively own and wish to sell 4,526,067 free-trading shares of common stock ("Shares") of EPICURE CHARCOAL, INC, a Nevada corporation (the "Company") ; and

**WHEREAS**, the Sellers propose to sell the Shares to the Purchaser on the terms set forth herein and Purchaser wishes to purchase the Shares from the Seller on the terms set forth herein.

IN CONSIDERATION of the promises, representations, warranties and covenants contained herein and other good valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **PURCHASE AND SALE AND CLOSING**

1.1     Sale. (a) Subject to the terms and conditions of this Agreement, the Sellers agree to sell the Shares to the Purchaser, and the Purchaser agrees to Purchase the Shares for **Sixteen Thousand Nine hundred Twelve Dollars and Seventy-Four Cents ($16,912.74)** (the "Purchase Price").

(b)     The Purchase Price shall be placed into escrow with Booth Udall Fuller, PLC, who is serving as Escrow Agent. The account wire transfer instructions for the Purchase Price as follows:

Wiring Instructions:

JP Morgan Chase, N.A.
1 Chase Manhattan Plaza
New York, NY 10005

Federal Wire ABA/Routing 021000021
ACH Routing number: 122100024
Swift: CHASUS33
Account number:
Account Name: Booth Udall Fuller PLC

1

1.2     Conditions to Closing. It is agreed that all of the funds consisting of the Purchase Price shall remain in the Escrow Account until (a) all of the conditions of the Escrow Agreement have been met; and (b) the Sellers have delivered to the Escrow Agent all share certificates representing the Shares, each with a duly executed power of attorney and medallion signature guarantee or other form of signature guarantee that shall be acceptable to the Company's transfer agent to effect the transfer of the Shares.

1.3     Closing; Release of Purchase Price and the Securities. (a) Upon full performance And satisfaction of all of the conditions set forth in Section 1.2 above in the Escrow Agent, the sale of the Shares shall take place at the offices of the Escrow Agent (the "Closing").

(b) At the Closing, the Escrow Agent shall release the Shares to the Purchaser and/or its assigns and release the Purchase Price to the Sellers.

2.     **REPRESENTATIONS AND WARRANTIES OF THE SELLER**

2.1     The Sellers warrant, covenant, and represent to the Purchaser with the intention of inducing the Purchaser to enter into this Agreement that:

(a)     Immediately prior to and at the Closing, each Seller has legal right and authority to sell the Shares to the Purchaser and on the Closing Date and each Seller shall transfer the Shares to the Purchaser free and clear of all liens, restrictions, covenants or adverse claims of any kind of character.

(b)     Each Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to executed and delivered by each Seller hereunder and to consummate the transactions contemplated hereby and the Escrow Agreement has been validly executed by each Seller or someone authorized to sign on their behalf.

(c)     None of the Seller, during the past ninety (90) days, has been a ten percent (10%) or greater shareholder or an "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act 1933, as amended (the "Securities Act").

(d)     To the best of the knowledge, information and belief of each Seller there are no circumstances that may result in any material adverse effect to the Company or the value of the Shares that are now in existence or may hereafter arise.

(e)     Each Seller acquired the shares from the Corporation pursuant to an effective Form S1 registration statement.

(f) The Seller agrees to execute and deliver such other documents and to perform such other acts as shall be necessary to effectuate the purposes of this Agreement.

SEC-GLENDALE-E-0012592

3.  **REPRESENTATIONS AND WARRANTIES OF THE PURCHASER**

3.1  The Purchaser represents and warrants to the Sellers that the Purchaser:

(a) Has the legal power and authority to execute and deliver this Agreement and to consummate the transactions hereby contemplated; and

(b) Has the necessary financial and business experience to make an informed decision to purchase the shares, including access to all the company's information and business operations.

(c) Is acquiring the Shares as principal for the Purchaser's own account, for investment purposes only, and no other person has a direct or indirect beneficial interest in the Purchased Shares.

4.  **MISCELLANEOUS**

4.1  The parties hereto acknowledge that they have obtained independent legal advice with respect to this Agreement and acknowledge that they have fully understand the provisions of this Agreement.

4.2  Unless otherwise provided, all dollar amounts referred to in this Agreement are in United States Dollars.

4.3  There are no representations, warranties, collateral agreements, or conditions concerning the subject matter of this Agreement except as herein specified.

4.4  This Agreement will be governed by and construed in accordance with the laws of the State of Nevada. The parties hereby attorney to the jurisdiction of the courts located in Clark County, Nevada with respect to any legal proceedings arising from this Agreement.

4.5  The representations and warranties of the parties contained in this Agreement shall survive the closing of the purchase and sale of the Purchased Shares and shall continue in full force and effect for a period of one year.

4.6  This Agreement may be executed in several counter parts, each of which will be deemed to be an original and all of which together constitute one and the same instrument.

4.7  Delivery of an executed copy of this Agreement by electronic, facsimile transmission or other means of electronic communication capable of producing a printed copy will be deemed to be execution and delivery of the Agreement as of the date set on page one of this Agreement.

SEC-GLENDALE-E-0012593

Each of the parties hereto has executed this Agreement to be effective as of the last date recorded below.

PURCHASER

_[signature]_  20th March 2015
Wensheng Lin                                   Date

SELLERS

_____   _____
Pretorius Roelien Yolandi                        Date

_____   _____
Pule Lefa Jacob                                  Date

_____   _____
Qopane Thota Jankie                              Date

_____   _____
Scott David Percival                             Date

_____   _____
Sethabi Kereeditse Irish                         Date

4

Each of the parties hereto has executed this Agreement to be effective as of the last date recorded below.

**PURCHASER**

_____   _____
Wensheng Lin                                             Date

**SELLERS**

_____   _____
Pretorius Roelien Yolandi                         Date

_____   _____
Pule Lefa Jacob                                          Date

_____   _____
Qopane Thota Jankie                                 Date

_____   _____
Scott David Percival                                  Date

_____   _____
Setlhabi Kereeditse Irith                           Date

This agreement may be executed in counterparts.

SEC-GLENDALE-E-0012595

Each of the parties hereto has executed this Agreement to be effective as of the last date recorded below.

**PURCHASER**

_____    _____
Wensheng Lin                            Date

**SELLERS**

_____    _____
Pretorius Roelien Yolandi               Date

____*signature*_____  _7/28/2015_____
Pule Lefa Jacob                         Date

_____    _____
Qopane Thota Jankie                     Date

_____    _____
Scott David Percival                    Date

_____    _____
Setlhabi Kereeditse Irith               Date

This agreement may be executed in counterparts.

4

SEC-GLENDALE-E-0012596

Each of the parties hereto has executed this Agreement to be effective as of the last date recorded below.

**PURCHASER**

______________________________
Wensheng Lin Date

**SELLERS**

______________________________
Pretorius Roelien Yolandi Date

______________________________
Pule Lefa Jacob Date

[signature] 13-03-2015
Qopane Thota Jankie Date

______________________________
Scott David Percival Date

______________________________
Setlhabi Kereeditse Irith Date

This agreement may be executed in counterparts.

Each of the parties hereto has executed this Agreement to be effective as of the last date recorded below.

**PURCHASER**

_____    _____
Wensheng Lin                          Date

**SELLERS**

_____    _____
Pretorius Roellen Yolandi             Date


_____    _____
Pule Lefa Jacob                       Date


_____    _____
Qopane Thota Jankie                   Date


_____ _____ _____ _9/0/2015_
Scott David Percival                  Date


_____    _____
Setlhabi Kereeditse Irith             Date


This agreement may be executed in counterparts.

4

SEC-GLENDALE-E-0012598

Each of the parties hereto has executed this Agreement to be effective as of the last date recorded below.

**PURCHASER**

_____    _____
Wensheng Lin                                        Date

**SELLERS**

_____    _____
Pretorius Roelien Yolandi                       Date


_____    _____
Pule Lefa Jacob                                     Date


_____    _____
Qopane Thota Jankie                             Date


_____    _____
Scott David Percival                               Date


_____    _____
Setlhabi Kefeeditse Irith                          Date


This agreement may be executed in counterparts.

4

SEC-GLENDALE-E-0012599